# CHARLESTON.

## KIRTLEY v. COUNTY COURT.

Submitted February 22, 1910.     Decided May 9, 1911.

1. EMINENT DOMAIN—*Notice to Landowner.*

    A county court has no warrant in law to order that a land owner be proceeded against by a suit for condemnation of a right of way for a proposed road through his land, and later to order that a road be built thereon, without first giving him notice to appear and show cause against the road undertaking. (p. 330).

2. SAME—*Proceedings to Establish—Notice to Landowners.*

    Proceedings of a county court for the establishment of a road, had without notice to the owner of the land proposed to be taken as prescribed by Code 1906, ch. 43, sec. 36, and in which no opportunity was afforded him to be heard before an order directing a condemnation suit against his land, are erroneous, illegal, and reversible. (p. 332).

3. MOTIONS—*County Courts—Special Session—Notice.*

    An order of a county court made at a special session is a mere nullity if the record does not show that the court acquired jurisdiction to make the order by the promulgation of the notice of the special session as required by law and the inclusion in that notice of the subject to which the order pertains. (p. 332).

Error to Circuit Court, Cabell County.

Action by Sidney Kirtley against the County Court of Cabell County. Judgment rendered for defendant, and plaintiff brings error.

*Reversed and Remanded.*

*Blackwood* and *Saunders,* for plaintiff in error.

*Geo. S. Wallace* and *Jean F. Smith,* for defendant in error.

ROBINSON, JUDGE:

Kirtley seeks the reversal of proceedings purporting to establish a road through his land.

The county court, on a petition of citizens, appointed viewers to go on the land and make a report on the proposed road. When the viewers made their report, the county court, without the notice to parties for which the statute provides, and without any appearance by Kirtley, whose land was to be taken, immediately ordered that the prosecuting attorney institute proceedings for the condemnation of that part of Kirtley's land which it was proposed to take for the road. At a later term, Kirtley appeared and moved that this order be set aside, on the ground that the county court was without jurisdiction to make it, since no notice and opportunity to be heard had been given him. The county court overruled this motion, refused to set aside the order, and Kirtley saved an exception on the record. At a still later term, a special one, the county court ordered that the road be built, and this order was followed at another term by one directing that Kirtley remove the fencing on the land which the county court was assuming to take. From these proceedings Kirtley obtained an appeal to the circuit court. On the appeal, a so-called plea was filed on behalf of the county court, in the nature of a motion to dismiss the appeal. That plea set up the record of the condemnation proceedings that had been carried to a termination in the circuit court over the continued protest and exception of Kirtley as a party thereto. This record of the condemnation proceedings showed that the right of way had been condemned and a judgment entered in Kirtley's favor for the amount of compensation found. The circuit court dismissed Kirtley's appeal, and thereafter he obtained the writ of error now before us.

It is proper to observe that the writ of error calls for a review of the proceedings in the county court only. The appeal to the circuit court, which has been carried here by writ of error, relates alone to the orders of the county court. We have before us only what the circuit court had on appeal. We must say whether the circuit court erred in dismissing the appeal, and in order to determine that question must necessarily act upon the record of the county court just as the circuit court

should have done. The proceedings had in the condemnation case in the circuit court are, therefore, not before us for review, because they were not brought before the circuit court for review by the appeal. They were no part of the proceedings appealed from, for they were not proceedings in the county court.

The circuit court could not properly pass on the appeal by a reference to what had been done in the condemnation suit. The so-called plea invoked the record of the suit in condemnation to justify a dismissal of the appeal. But as the condemnation proceedings were not a part of the record appealed from, they could have no proper part in determining the case on appeal. The question to be determined on the appeal was simply and solely whether the county court erred in the orders for the establishment of the road, and not whether the circuit court acted properly in the condemnation case which the county court may have erroneously directed to be instituted and prosecuted in furtherance of erroneous and illegal initial proceedings. So we have only to do with the propriety of the order of the county court directing the institution of the condemnation suit, and the other orders which followed that one in relation to the establishment of the road. A review of the regularity of the proceedings in the condemnation suit can only properly come by a writ of error in that particular case.

It is submitted that the question to be determined is a moot one, and that the writ of error should be dismissed for that reason. The county court claims that it has shown by the so-called plea to the appeal that a road has been established through Kirtley's land by the condemnation proceedings, and that, therefore, a reversal of the county court proceedings can avail nothing. It claims that the road is on the land by the force of the condemnation and must stay there whatever we may do with the proceedings that were had in the county court. But the answer to all this contention is that a county road cannot be established by a condemnation suit. The statute has not prescribed that method of establishing a public road. It has prescribed condemnation proceedings solely for the acquiring of land and the ascertainment of compensation, and only when it becomes necessary to resort thereto. The establishment of the road is a distinct and primary thing. The county

court must do the establishing; that court must give to the proposed road a legal status as a public road. The circuit court may simply lend its powers for the taking of land and for the ascertainment of compensation for the land taken, so that the county court may perfect the legal status of the road. But if a proposed way is not regularly made a public road by orders of the county court, no mere condemnation of the land comprising the proposed way can ever make it such That condemnation may erroneously vest title to the easement in the public, but it cannot give the land taken the legal status of a public road.

Let us repeat that the sole question presented is one which comes primarily from the county court and is based alone on the record of that court. It is this: Did the county court have warrant in law to oder that Kirtley be proceeded against by a suit for the condemnation of a right of way through his land, and later to order that a road be built through his land, without first giving him notice to come in and show cause against the making of such orders?

The proceedings which we must review are anomalous. And they are quite as erroneous as they are anomalous. The plainly prescribed statutory procedure for the establishment of a road has not been followed. The land owner has had no opportunity to be heard.

It was error for the county court to order the institution of the proceedings for condemnation, before notice to Kirtley to appear and show cause against the establishment of the proposed road. An opportunity to correct the error was given the county court when Kirtley appeared, contesting the jurisdiction, and asked that the order be set aside. But again the county court erred in denying this motion. The statute expressly provides that the land owner shall be given notice to show cause against "the proposed work"; that is, to show cause why a road should not be established through his land. Code 1906, ch. 43, sec. 36. It also plainly provides that there shall be a hearing of the land owner, if he appears in answer to the notice, and on such hearing a decision to undertake the establishment of the road, as well as a failure to agree with the land owner as to compensation for the land to be taken, before proceedings to take the land and to ascertain compensation

therefor are warranted. Code 1906, ch. 43, sec. 38. It cannot be determined whether proceedings to take the land and to ascertain compensation are warranted until the land owner is called in to answer the proceedings for the establishment of the road. If the land owner is given the notice required, he may prove to the county court that the establishment of the proposed road should not be undertaken, or he may agree readily as to compensation, and thus in either event the necessity for condemnation proceedings would be 'wholly precluded. But if the land owner is given no opportunity to be heard, how can the county court determine properly that proceedings to take the land and to ascertain compensation are at all necessary? The statute gives no power to the county court to institute proceedings in condemnation until they have heard the land owner, or have given him an opportunity to be heard. The right of the land owner to show cause against the institution of condemnation proceedings cannot be denied him. True, after the ascertainment of compensation in a case where the proceedings are warranted and properly carried on, the county court may abandon the work of establishing the road which it has decided to undertake; but, this right to abandon the work does not preclude the necessity for notice at the very initial steps. In the case at hand, the county court did not abandon the work, but carried the undertaking through without the initial notice to which Kirtley was entitled. It decided that he should be brought into a condemnation case, before it had taken the steps to ascertain that such a case would be justified or even necessary. Kirtley had the right to an opportunity to show that the road should not be undertaken as proposed, and that proceedings to take the land were therefore not warranted. He at least had the right to an opportunity to show that the proceedings were not necessary. If notice had been given him, he might have shown that he was willing for the land to be taken and to agree on the compensation therefor. Regardless of his rights, the county court subjected him to proceedings in the circuit court, the propriety of which, and the necessity for the same, the county court had not determined in the manner provided by law. All this erroneous action was reviewable on the appeal and should have been reversed. Plainly the circuit court erred in dismissing the appeal and not re-

versing the order which unlawfully subjected Kirtley to condemnation proceedings.

Proceedings in the county court for the establishment of a road are indeed proceedings to take the land which is necessary for the road. They are proceedings to divest the land owner of rights. Certainly no material step can be taken to divest one of his rights without notice. "No man shall be condemned unheard." This principle is fundamental. The county court cannot, for road purposes, divest the land owner's title, unless the owner is given an opportunity to be heard against the establishment of the road. He has the right primarily to resist the taking of his land by showing that the road is wholly unnecessary and should not be established, or by showing any other pertinent fact that will save his land from the public use. *Coffman* v. *Griffin*, 17 W. Va. at page 184. This right has been safeguarded to him by the statute. The statute must be strictly followed, otherwise the land owner's title is not divested for the public use. In commenting on the same provisions of the statute which we are now considering, Judge GREEN said: "If these provisions for the protection and benefit of the land-owner are not strictly complied with, the proceedings will be ineffectual to divest the land-owner's title. They are not only conditions precedent, which must be complied with, before the land-owner's property can be disturbed; but the party seeking to divest him of his right of property against his will must show affirmatively such compliance with these conditions." *Herron* v. *Carson*, 26 W. Va. 62.

We need not say what is the effect of the unauthorized proceedings in condemnation against Kirtley's land. That question does not properly arise upon the record to which we may look. It suffices to say that the condemnation proceedings, carried on without the previous steps prescribed by the statute to warrant them, do not legally establish a road on the land.

The order of the county court which embodies its final decision that the road be established is erroneous, for reasons additional to the fact that the proceedings leading to that order are illegal and invalid. . The order was made at a special session of the county court. The record does not show that the county court had jurisdiction to make the order at that special term. The record shows nothing as to the purposes for which

the special session was called, and nothing as to the manner of giving notice of the special session if any was given. The holding ·in *Mayer* v. *Adams,* 27 W. Va. 244, applies. The order establishing the road must be regarded as a nullity.

The judgment of the circuit court dismissing the appeal will be reversed; and this Court will enter the judgment which the circuit court should have entered in the premises. There will be judgment here that the order of the county court for the institution of condemnation proceedings, the order for the establishment of the road, and the order for the removal of fences by the land owner be wholly reversed, set aside, and held for naught, and that the case be remanded to the county court to be there proceeded in according to the statute relating to proceedings for the establishment of roads.

*Reversed and Remanded.*