# CHARLESTON.

F. K. VINEYARD v. COUNTY COURT OF ROANE COUNTY

(No. 5839)

Submitted February 8, 1927.   Decided February 15, 1927.

1. EMINENT DOMAIN—*Before Opening and Constructing Public Road on Private Land, County Court Must Substantially Comply With Statutes; Order of County Court for Opening Road, Report of Its Committee, and Notices of Application to be Made for Condemnation Held Not to Give Right to Enter on Land and Construct Road (Code, c. 42, and chapter 43, § 137 and § 138 as amended by Acts 1923, c. 6).*

   Before a county court can enter upon private land and open and construct a public road thereon under Sec. 138, Chap. 6, Acts 1923, it must have first substantially complied with the requirements of that section and the preceding section in the establishment of the road for the use of the public.   (p. 210).

   (Eminent Domain, 20 C. J. §§ 300, 310, 379.)

2. SAME—*Prior to Preliminary Proceedings in Substantial Compliance With Statute, Injunction Lies to Prevent Taking Land for Public Road (Code, c. 43. § 137, and § 138 as amended by Acts 1923, c. 6).*

   Until the preliminary inquiry and steps are made and taken in substantial compliance with the statute authorizing the taking of private land for public use as a road, and the road thereby legally established, injunction will lie to prevent the taking of the land.   (p. 213).

   (Eminent Domain, 20 C. J. § 533.)

   (NOTE: Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.)

Appeal from Circuit Court, Roane County.

Suit by F. K. Vineyard against the County Court of Roane

County. From a decree dissolving a temporary injunction granted plaintiff, he appeals.

*Order dissolving injunction reversed; injunction reinstated.*

*S. P. Bell,* for appellant.

LIVELY, JUDGE:

The decree appealed from by F. K. Vineyard, dissolved the temporary injunction granted to him, but did not dismiss his bill. The suit is solely for the purpose of enjoining defendant, the county court, its agents, servants and employees from constructing a county-district road through plaintiff's lands, because the county court, as it is alleged, has not followed the statutory method and procedure prescribed for the location and establishment, or alteration of a county-district road through plaintiff's land.

It appears that a county-district road intersected a state road running from Spencer, Roane County, to Clay in Clay County, near a bridge over the Poca River, and the county court desired to change or alter the county-district road from one side of the river to the other, which alteration would run the road through plaintiff's land for a distance of about 350 feet. No map or indicia of like character from which an intelligent idea of the location of the roads and proposed alteration with respect to plaintiff's land, can be found in the record; nor is there any order of the county court which conveys such information.

The substance of the bill is that defendant has a steam shovel near the proposed re-location, and has declared that it will at once enter on plaintiff's land and construct the road; that such threatened invasion is without authority of law; that defendant has not complied with the statute in respect to alteration of a road, has made no survey or map of the proposed change, giving grades and bearings through his land, and has not attempted to agree with plaintiff on the damages, has given him no hearing, and has never established the proposed location of the road on his lands; that therefore its servants and agents who will enter upon his lands for the purpose

of building a road are trespassers, and that he will suffer irreparable damages by the taking of the land. Upon presentation of the bill, an injunction was awarded by vacation order of August 11, 1926. Defendant gave notice that it would move for dissolution on August 21st, at which time it demurred to and answered the bill.

The answer says that defendant has concluded that public necessity demands the re-location of the road through plaintiff's land for a distance of about 350 feet, and that it proposes to take his land for that purpose, and has complied with the statute in all respects, and hence has authority to enter and construct the road. The answer prays that plaintiff be inhibited from in any way interferring with its agents, servants and employes in the building of the road. Plaintiff filed his affidavit in support of his bill, to the effect that the county court had not established the road on his lands as required by the statute, and that its member in charge of the matter had notified him that defendant was going to enter at once upon his lands and build the road. On consideration of the bill, answer, affidavit and certain orders of record made by the county court, hereafter considered, the court sustained the motion to dissolve.

Defendant bases it right to enter and take the land upon an order entered of record by it on July 27, 1926, reciting that certain road work was being done near the mouth of Vineyard Run, and that it was considered necessary that a right-of-way should be obtained through the land of plaintiff for a distance of about 350 feet, and to that end the court appointed itself a committee for the purpose of endeavoring to settle said right-of-way and make written report of the result of its endeavor. On August 18, 1926, the committee composed of Joseph Stutler, president, and B. E. Bradley, member, filed its written report as such committee, which was ordered to be recorded, and which report, in substance, says that the committee and Vineyard went upon the ground, and an attempt was made to agree upon the damages, but the attempt failed; and that the right-of-way sought to be pur-

chased began at the new concrete bridge, thence running down Poca River near the bank and intersecting with the Poca road at a point near the Stock Scales, a distance of about 350 feet. The committee further reported that it deemed it useless to further endeavor to settle with Vineyard for the right-of-way.

In the afternoon of August 10, 1926, defendant served three notices upon plaintiff, to the effect that on September 20, 1926, it would file its petition in the circuit court for condemnation of certain lands of plaintiff to be described in the petition, for the purpose of building a public road, as provided in Sec. 138, Chap. 6, Acts 1923, which road would run from the bridge across Mud Fork on plaintiff's land to the main county-district road.

Under this recorded order of the county court and report of its committee, and these notices of application to be made for condemnation, did the county court acquire the right to enter upon plaintiff's land and construct the road? This is the controlling question presented by the pleadings. Plaintiff answers the question in the negative, while the trial court answered in the affirmative by dissolving the injunction. No appearance is made by the county court on this appeal. There is no material conflict of fact.

If a county court concludes that the interests of the people of the county require that a county-district road be established or altered, it must appoint two or more reviewers or a committee of its own body, who together with the county road engineer shall view the ground and report in writing the advantages and disadvantages which will result to individuals as well as to the public from the proposed work, and the grades and bearings of the road proposed, together with the facts and circumstances that may be useful to the county court in determining whether the work should be done, stating specifically whether it would be necessary to take any burying ground, building, etc., the probable cost of the work, the names of the land owners, and the probable damages to each. They are required to report on other routes; and are required to return with their report a map giving grades, bearings and

locations.  Sec. 137, Chap. 43, Code.  If the court decides
to do the work, and the compensation to the land owner be not
fixed by agreement, it shall order condemnation proceedings,
and when damages are ascertained as a result of such pro-
ceedings, it may or may not proceed with the undertaking.
Sec. 138, same chapter, as amended by Chap. 6, Acts 1923.
But by the latter part of that section instead of proceedings
to condemn, the county court may enter upon the lands (other
than those prohibited by law) and locate and build the road,
and then within 60 days after such entry proceed by petition
in the circuit court to ascertain damages by the appointment
of five freeholders for that purpose.  It is provided, however,
that before entering the lands as provided in said Sec. 138,
the county court must serve notice on the owner that the road
is to be located upon his land under the authority of that
section.  It will be seen by an inspection of said Section 138
that there are two methods by which the court can take lands
for road purposes, after it has taken the steps required by
the preceding section and has given the proposed road a legal
status.  First, after it has the information required by Sec.
137, and it concludes to construct the proposed road and is
unable to agree upon compensation with the owner, it may
proceed first to ascertain what shall be paid through con-
demnation.  After condemnation it is optional with the court
whether it will proceed or abandon.  Or, Second, it may,
without proceeding to condemn, enter the land and construct
the road, irrespective of what the damage may be, and within
60 days after the entry proceed to ascertain the damages,
first, however, notifying the land owner that the road is to be
located on his land by authority of that section.

An inspection of the notices served on Vineyard reveals that
defendant was proposing to proceed by the first method, that
is by condemnation.  Proceeding by that method it had no
right to enter under the second method and at once take the
lands.  If the county court proceeds by way of condemnation
as set out in Chap. 42 of the Code, it cannot at once enter, for
it may abandon the undertaking after the result of the con-
demnation is reached.  Moreover, the preliminary steps di-

rected by Sec. 137 must be taken before right to condemnation can be resorted to; or before entry can be made. *Kirtley* v. *County Court,* 69 W. Va. 327. In the *Kirtley* case the county court had actually condemned the land proposed to be taken, but had failed to give the land owner an opportunity to be heard upon the question of the establishment of the road or upon the amount of his damage; and it was held that the county court had no warrant in law to proceed to condemn and later order the road to be built without first giving the land owner opportunity to show cause against the road undertaking. The statutory method of appropriating private lands for public road purposes must be followed. Since the decision in the *Kirtley* case the legislature has amended said Section 138 by authorizing the county court to enter upon the land and build the road, and then within 60 days take proceedings to ascertain damages—the second method of procedure above stated; but that amendment does not in terms or by implication annul the necessary preliminary steps required by said Sec. 137. Besides, we find no order in this case by which the county court directed an entry. The road has not been established, nor has the land been directed to be taken by any order of record. The first order entered says there was road improvement work in progress near the mouth of Vineyard Run and the court deemed it necessary to obtain a right of way through Vineyard's land, and appointed itself a committee to endeavor to "settle said right of way". The report of the committee is that it went upon the land with Vineyard and failed to agree with him upon compensation; and they give a description of the location and distance of the road on his lands for which the committee had endeavored to agree with him on compensation. There is no court action on this report. Where has the court determined to locate a road over plaintiff's land; what width, length, grade or bearing? Unless the statute authorizing the appropriation of lands for road purposes is substantially complied with, the county court, its servants, agents and employees who enter the land are trespassers and may be sued as such. *Ice* v. *County Court,* 91 W. Va. 272.

Injunction will lie to prevent the opening of a public road through private property where there has not been a substantial compliance with the statute authorizing the taking. *Mfg. Co.* v. *City of Elkins,* 93 W. Va. 16; *Wenger* v. *Fisher,* 55 W. Va. 13.

It is reasonably clear that the county court has not taken the necessary preliminary steps to acquire warrant of law in taking plaintiff's land, and that its purpose was to at once enter and construct the road summarily and without further proceeding. The injunction should not have been dissolved. The order dissolving the injunction will be reversed, and the injunction reinstated. It must not be understood that the county court has no right or power to take the land in a proper manner. It may do so by compliance with the statute; but until that is done the injunction should remain in full force.

*Order dissolving injunction reversed;*
*injunction reinstated.*