633 S.E.2d 255

**STATE of West Virginia ex rel. Robert O. SHEPARD, Petitioner,**

v.

**Robert HOLLAND, Jr., Circuit Judge for Ritchie County, West Virginia, and Steven A. Jones, Prosecuting Attorney for Ritchie County, West Virginia, Respondents.**

No. 32903.

Supreme Court of Appeals of West Virginia.

Submitted: June 6, 2006.

Decided: June 29, 2006.

---

**25.** The Panel shall convene and conclude the remand hearing within sixty days from the date this opinion is filed.

312

John M. Butler, St. Marys, for the Petitioner.

Steven A. Jones, Prosecuting Attorney, Harrisville, for the Respondents.

PER CURIAM.

Robert O. Shepard (hereinafter "Petitioner") seeks a writ of prohibition to prevent the Circuit Court of Ritchie County from proceeding against him in a criminal prosecution. The Petitioner has been indicted for felony non-support and presently contends that he maintained custody of one of his children during the accrual of the relevant arrearage and was owed credits which would reduce the alleged arrearage, making prosecution for the alleged non-support inappropriate. Upon thorough review of the briefs, arguments of counsel, record, and applicable precedent, we deny the requested writ of prohibition.

## I. Factual and Procedural History

The Petitioner and Pamela Hayhurst were divorced in 1990. Two children, Hailey and Hannah, were born of the marriage, and the original child support order established child support at $250.00 per month. Subsequent to a 1998 conflict between Hailey and her mother, Hailey began living with the Petitioner. Pursuant to an order dated March 11, 1999, the lower court stated that no child support payments would be required of either parent, reasoning that each parent had custody of one child. When Hailey returned to her mother's custody, an agreed order entered March 27, 2000, obligated the Petitioner to pay $200.00 per month in child support, to be reduced to $150.00 per month when the oldest child turned eighteen.

The Petitioner was indicted in January 2004 for the felony offense of failure to provide support of a minor. *See* W. Va.Code

§ 61–5–29(2) (1999) (Repl.Vol.2005).[1] That criminal prosecution is the basis for the present requested writ of prohibition in which the Petitioner asserts that the indictment in the criminal prosecution is defective, based upon its alleged vagueness. The Petitioner further contends that the criminal prosecution should not proceed while a civil appeal is pending regarding the amount of arrearage properly owed. In that related collateral proceeding, designated as civil action number 89–C–17, the Petitioner appealed a Circuit Court of Ritchie County order denying him credit against child support arrearage for insurance premiums payments and twenty-five months of physical custody of Hailey. On June 16, 2006, this Court issued an opinion affirming that decision of the lower court in that civil appeal. *See Hayhurst v. Shepard*, 219 W.Va. 327, 633 S.E.2d 272, 2006 WL 1685245 (No. 32902) (June 16, 2006).

## II. Standard of Review

This Court has addressed the standard of review applicable to a writ of prohibition, explaining that "[a] writ of prohibition will not issue to prevent a simple abuse of discretion by a trial court. It will only issue where the trial court has no jurisdiction or having such jurisdiction exceeds its legitimate powers. *W.Va.Code* 53–1–1." Syl. Pt. 2, *State ex rel. Peacher v. Sencindiver*, 160 W.Va. 314, 233 S.E.2d 425 (1977). "The writ [of prohibition] lies as a matter of right whenever the inferior court (a) has not jurisdiction or (b) has jurisdiction but exceeds its legitimate powers and it matters not if the aggrieved party has some other remedy ade-

---

**1.** West Virginia Code § 61–5–29 provides as follows:

(1) A person who: (a) Persistently fails to provide support which he or she can reasonably provide and which he or she knows he or she has a duty to provide to a minor; or (b) is subject to court order to pay any amount for the support of a minor child and is delinquent in meeting the full obligation established by the order and has been delinquent for a period of at least six months' duration, is guilty of a misdemeanor and, upon conviction thereof, shall be fined not less than one hundred dollars nor more than one thousand dollars, or confined in the county or regional jail for not more than one year, or both fined and confined.

(2) A person who persistently fails to provide support which he or she can reasonably provide and which he or she knows he or she has a duty to provide to a minor by virtue of a court or administrative order and the failure results in: (a) An arrearage of not less than eight thousand dollars; or (b) twelve consecutive months without payment of support, is guilty of a felony and, upon conviction thereof, shall be fined not less than one hundred dollars nor more than one thousand dollars, or imprisoned for not less than one year nor more than three years, or both fined and imprisoned.

(3) In a prosecution under this section, the defendant's alleged inability to reasonably provide the required support may be raised only as an affirmative defense, after reasonable notice to the state.

**314**

quate or inadequate." *State ex rel. Valley Distributors, Inc. v. Oakley*, 153 W.Va. 94, 99, 168 S.E.2d 532, 535 (1969).[2]

 Moreover, in syllabus point four of *State ex rel. Hoover v. Berger*, 199 W.Va. 12, 483 S.E.2d 12 (1996), this Court explained:

In determining whether to entertain and issue the writ of prohibition for cases not involving an absence of jurisdiction but only where it is claimed that the lower tribunal exceeded its legitimate powers, this Court will examine five factors: (1) whether the party seeking the writ has no other adequate means, such as direct appeal, to obtain the desired relief; (2) whether the petitioner will be damaged or prejudiced in a way that is not correctable on appeal; (3) whether the lower tribunal's order is clearly erroneous as a matter of law; (4) whether the lower tribunal's order is an oft repeated error or manifests persistent disregard for either procedural or substantive law; and (5) whether the lower tribunal's order raises new and important problems or issues of law of first impression. These factors are general guidelines that serve as a useful starting point for determining whether a discretionary writ of prohibition should issue. Although all five factors need not be satisfied, it is clear that the third factor, the existence of clear error as a matter of law, should be given substantial weight.

Syllabus point one of *Hinkle v. Black*, 164 W.Va. 112, 262 S.E.2d 744 (1979), also provided the following guidance in the evaluation of a request for a writ of prohibition:

In determining whether to grant a rule to show cause in prohibition when a court is not acting in excess of its jurisdiction, this Court will look to the adequacy of other available remedies such as appeal and to the over-all economy of effort and money among litigants, lawyers and courts; however, this Court will use prohibition in this discretionary way to correct only substantial, clear-cut, legal errors plainly in contravention of a clear statuto-

ry, constitutional, or common law mandate which may be resolved independently of any disputed facts and only in cases where there is a high probability that the trial will be completely reversed if the error is not corrected in advance.

Utilizing those standards of review, we examine the Petitioner's request for a writ of prohibition.

## III. Discussion

 This Court has consistently emphasized the importance of the parental duty to support children, stating as follows in syllabus point three of *Wyatt v. Wyatt*, 185 W.Va. 472, 408 S.E.2d 51 (1991): "The duty of a parent to support a child is a basic duty owed by the parent to the child, and a parent cannot waive or contract away the child's right to support." This Court has also stated that "[p]rovision of shelter and financial support for children is one of the most basic components of parental responsibility." *In re Jamie Nicole H.*, 205 W.Va. 176, 183, 517 S.E.2d 41, 48 (1999). West Virginia Code § 48–11–101(a) (2001) (Repl.Vol.2004) provides, in pertinent part: "It is the intent of the Legislature that to the extent practicable, the laws of this state should encourage and require a child's parents to meet the obligation of providing that child with adequate food, shelter, clothing, education, and health and child care." Criminal sanctions may be imposed upon a parent who fails to fulfill this child support obligation. As quoted in its entirety above, West Virginia Code § 61–5–29 provides for misdemeanor and felony offenses for failure to provide child support.

The Petitioner in the present case contends that he is entitled to a writ of prohibition preventing criminal prosecution under West Virginia Code § 61–5–29. The Petitioner maintains that two impediments exist which should preclude such prosecution. We will address each of those contentions separately below.

**2.** West Virginia Code § 53–1–1 (1923) (Repl.Vol. 2000) provides as follows:

The writ of prohibition shall lie as a matter of right in all cases of usurpation and abuse of

power, when the inferior court has not jurisdiction of the subject matter in controversy, or, having such jurisdiction, exceeds its legitimate powers.

## A. Indictment Sufficiency

■ The Petitioner first contends that the indictment was too vague for him to properly understand the charges against him and to formulate a defense. In this vein, the Petitioner explains that the statute under which he was charged presents two subsections, one enabling the prosecution to initiate the criminal proceeding against the Petitioner for owing an arrearage of not less than $8,000.00, and another allowing prosecution for failure to pay child support for twelve consecutive months. The Petitioner contends that he was not properly apprised regarding which of the two subsections the prosecution is relying upon in this criminal action.

■ The State has filed a proposed jury instruction indicating that it will proceed upon both subsections (a) and (b), apparently intending to present evidence that the Petitioner has an arrearage of at least $8,000.00 and has failed to pay child support for at least twelve consecutive months. The Petitioner also asserts that the most recent formal audit revealed less than $8,000.00 as an arrearage. However, the State asserts that over $9,000.00 is owed by the Petitioner. In recognizing these factual controversies, this Court must be mindful that this matter is before this Court exclusively upon the issue of the Petitioner's requested writ of prohibition. The evidentiary arguments to be addressed during criminal prosecution are obviously the domain of the circuit court and are to be properly resolved in that forum.[3]

Based upon this Court's review of the indictment against the Petitioner, we find no merit in the Petitioner's argument that the indictment was overly vague or insufficient in any manner. The indictment specifies that the Petitioner

committed the offense of "Failure to Provide Support to a Minor," by unlawfully and feloniously persistently failing to provide child support to his minor children... which he could reasonably provide, and which he knows he had a duty to provide

by virtue of a certain Order... and which failure has resulted in an arrearage of not less than Eight Thousand Dollars ($8,000.00); against the peace and dignity of the State.

■ In syllabus point two of *State v. Miller*, 197 W.Va. 588, 476 S.E.2d 535 (1996), this Court explained: "Generally, the sufficiency of an indictment is reviewed *de novo*. An indictment need only meet minimal constitutional standards, and the sufficiency of an indictment is determined by practical rather than technical considerations." *See also State v. Legg*, 218 W.Va. 519, 625 S.E.2d 281 (2005); *State v. Palmer*, 210 W.Va. 372, 557 S.E.2d 779 (2001). The Constitutional standards were addressed in syllabus point six of *State v. Wallace*, 205 W.Va. 155, 517 S.E.2d 20 (1999):

An indictment is sufficient under Article III, § 14 of the West Virginia Constitution and W. Va. R.Crim. P. 7(c)(1) if it (1) states the elements of the offense charged; (2) puts a defendant on fair notice of the charge against which he or she must defend; and (3) enables a defendant to assert an acquittal or conviction in order to prevent being placed twice in jeopardy.

We find that the indictment properly states the elements of the offense charged and placed the Petitioner on fair notice of the charges to be defended. While the indictment does not specify the precise time period during which the Petitioner allegedly failed to provide child support, it does specify that he "persistently" failed to proved support and that an arrearage of not less that $8,000.00 was owed. Determining the sufficiency on the basis of "practical rather than technical considerations," as *Miller* counsels, we find that the indictment was sufficient in all respects. 197 W.Va. at 599, 476 S.E.2d at 546.

## B. Civil Appeal

The Petitioner's second contention was premised upon the pendency of the civil appeal and the lack of finality regarding the

---

**3.** We note that West Virginia Code § 61–5–29(2) also defines a lesser offense related to non-support which is a misdemeanor. Should the Petitioner prevail with respect to one or more of his evidentiary arguments regarding the alleged felony offense, the prosecution might elect to proceed pursuant to that misdemeanor subsection.

financial responsibilities of the Petitioner. Based upon the issuance of the opinion referenced above in the related civil case of *Hayhurst v. Shepard,* which affirmed the circuit court, the Petitioner's appeal of civil matters to this Court has been terminated, and no additional matters remain unresolved. Consequently, having finalized the civil appeal, there is no merit in the Petitioner's contention that continuation of the criminal prosecution should be delayed. We consequently deny the requested writ of prohibition.

Writ denied.