708 S.E.2d 470

**STATE of West Virginia ex rel. STATE of West Virginia, Petitioner,**

v.

**Honorable Jack ALSOP, Judge of the Circuit Court of Webster County; Jerry Rick Meadows, Mary Meadows, Jozet Gillion, and Gerald Faulkner, Respondents.**

No. 35035.

Supreme Court of Appeals of West Virginia.

Submitted Oct. 6, 2009.

Decided Nov. 17, 2009.

278

Dwayne C. VanDevender, Esq., Prosecuting Attorney's Office, Webster Springs, WV, for Petitioner.

William C. Martin, Esq., Law Office of William C. Martin, Sutton, WV, for Respondent, Jerry Meadows.

Howard J. Blyler, Esq., Law Office of Howard J. Blyler, Cowen, WV, for Respondent, Jozet Gillion.

Daniel R. Grindo, Esq., Law Office of Daniel R. Grindo, Gassaway, WV, for Respondent, Gerald Faulkner.

Dennis J. Willet, Esq., Nanners & Willet, Buckhannon, WV, for Respondent, Mary Meadows.

PER CURIAM:

This original proceeding is before this Court upon the petition of the State of West Virginia [hereinafter "the State"] praying for a writ of prohibition to be directed against the Honorable Jack Alsop, Judge of the Circuit Court of Webster County. Specifically, petitioner seeks to prohibit the enforcement of the circuit court's arraignment order

which requires a timely disclosure of any confidential informant that will be called by the State in its case in chief in the underlying criminal prosecutions. The State contends that the circuit court exceeded its legitimate powers in ordering disclosure of the names and addresses of confidential informants in the State's initial discovery responses, prior to the conclusion of plea negotiations. This Court has before it the petition for writ of prohibition, the response, all exhibits and the argument of counsel. For the reasons that follow, we conclude that the circuit court did not exceed its legitimate power in ordering disclosure of the names and addresses of confidential informants. Accordingly, the State is not entitled to the requested relief and its petition for writ of prohibition is therefore denied.

## I.

## FACTUAL AND PROCEDURAL HISTORY

The respondents, Jerry Rick Meadows, Mary Meadows, Jozet Gillion and Gerald Faulkner are criminal defendants indicted at the May 2009 term of the Webster County Grand Jury in a joint indictment containing twenty-four felony counts for various offenses related to delivery of controlled substances and conspiracy to deliver controlled substances. These crimes allegedly occurred in Webster County between November 2008, and January 2009. Multiple confidential informants were used by the Central West Virginia Drug Task Force and the West Virginia State Police, Bureau of Criminal Investigations to allegedly purchase various controlled substances from the defendants between November 2008, and January 2009. Respondents Jerry Rick Meadows, Mary Meadows, and Jozet Gillion were arraigned on May 15, 2009, and Respondent Gerald Faulkner was arraigned on May 22, 2009. A joint trial for all four defendants was scheduled for August 18, 2009, and a pre-trial hearing was set for July 24, 2009.

In each of the Respondents' arraignment orders the circuit court set a discovery schedule as follows:

1. Trial of this matter shall begin on August 18, 2009, at 9:00 a.m.;

2. The defendant shall file any discovery motions within 20 days hereof, and the State shall respond to the same within 20 days thereafter, *including the name and address of the confidential informant;*

3. All pre-trial motions shall be filed on or by July 17, 2009;

4. Any pre-trial motions not filed or properly set for hearing shall be deemed waived.

(Emphasis added).

Additionally, during the January 2009 term of Court, the circuit court, without any objection by the State, began requiring the State to insert the following paragraph into all written plea agreements involving drug buys:

The defendant and the State acknowledge that the defendant has an absolute right to disclosure of the identity of the confidential informant in this case. The defendant hereby waives his right to receive any information regarding the identity of the confidential informant. The defendant understands that, by waiving this right, he cannot later complain that he did not receive that information or that his counsel was ineffective for failing to obtain that information prior to entering a plea.

In each case, the State objected to the circuit court's order requiring it to disclose the name and address of the confidential informants involved in the cases in initial discovery. The circuit court noted and preserved the State's objections to the ruling in each case.

## II.

## STANDARD OF REVIEW

Pursuant to Art. VIII, § 3, of the West Virginia Constitution, this Court has original jurisdiction in prohibition proceedings. With respect to the standard by which this Court determines its discretion to grant the extraordinary remedy of a writ of prohibition regarding discovery matters, we have held:

Where prohibition is sought to restrain a trial court from the abuse of its legitimate powers, rather than to challenge its jurisdiction, the appellate court will review each case on its own particular facts to determine whether a remedy by appeal is both available and adequate, and only if the appellate court determines that the abuse of power is so flagrant and violative of petitioner's rights as to make a remedy by appeal inadequate, will a writ of prohibition issue.

Syl. Pt. 2, *Woodall v. Laurita*, 156 W.Va. 707, 195 S.E.2d 717 (1973). "A writ of prohibition is available to correct a clear legal error resulting from a trial court's substantial abuse of its discretion in regard to discovery orders." Syl. Pt. 3, *State ex rel. McCormick, Relator v. Zakaib*, 189 W.Va. 258, 430 S.E.2d 316 (1993) (*quoting* Syl. Pt. 1, *State Farm Mutual Automobile Ins. Co. v. Stephens*, 188 W.Va. 622, 425 S.E.2d 577 (1992)).

■ We have held that the issue of whether to disclose the identity of confidential informants rests within the sound discretion of the trial court and is only subject to challenge on an abuse of discretion analysis. *See State v. Green*, 187 W.Va. 43, 415 S.E.2d 449 (1992). However, "[a] writ of prohibition will not issue to prevent a simple abuse of discretion by a trial court. It will only issue where a trial court has no jurisdiction or having such jurisdiction exceeds its legitimate powers. W. Va.Code 53–1–1." Syl. Pt. 1, *State ex rel. Shepard v. Holland*, 219 W.Va. 310, 633 S.E.2d 255 (2006) (*citing* Syl. Pt. 2, *State ex rel. Peacher v. Sencindiver*, 160 W.Va. 314, 233 S.E.2d 425 (1977)).

## III.

## DISCUSSION

The State does not dispute the fact that pursuant to Rule 16 of the Rules of Criminal Procedure, the State must provide the identity of confidential informants to the defendant upon request.[1] The State acknowledges that pursuant to West Virginia law, such informa-

tion is indeed necessary to the defendant's preparation for trial in cases where the informant was a direct participant in the drug transaction. However, the State believes that the parties have the right to agree to non-disclosure of the information during the course of plea negotiations in order to protect, as much as possible, the identity of confidential informants that have provided assistance to the State.

Specifically, the State alleges that in felony drug cases in Webster County, it has a long-standing practice and understanding with defense counsel that the State will not disclose the identity or location of confidential informants pending the conclusion of plea negotiations. If plea negotiations are unsuccessful, the State alleges that it has always disclosed the names and addresses of the confidential informants in a timely manner prior to trial and the circuit court has never had to enter an order to compel disclosure of the informants. The State contends that although it has, in the past, not disclosed the name and address of confidential informants during plea negotiations, the State has always disclosed redacted versions of any written or verbal agreements with confidential informants, a redacted version of the criminal record of the informant, and the existence of any audio or video recordings of drug buys made from defendants. The only information redacted from the disclosures is identifying information. The State also contends that it has always permitted defense counsel to view and listen to any audio or video recordings and has permitted the defendants to view, without audio, any video recordings. Further, the State asserts that if requested, it has also provided written transcripts of any audio or video recordings.

In this particular case, the State argues that the circuit court erred because, prior to entering the arraignment order requiring the State to disclose its confidential informants, it did not conduct an in camera hearing or balancing test to determine the need of the

---

1. Rule 16 of the West Virginia Rules of Criminal Procedure provides, in part, that upon request of the defendant, the state shall furnish to the defendant a written list of names and addresses of all state witnesses whom the attorney for the

state intends to call in the presentation of the case in chief, together with any record of prior convictions of any such witnesses which is within the knowledge of the state. W.Va.R.Crim.P. 16.

State versus the rights of the defendant. The State avers that under the facts set forth herein, any such test to fairly balance the various needs and rights of the parties would have to determine that the needs of the State in protecting anonymity during the course of plea negotiations, outweighs the rights of, or possible prejudice to, the defendant in receiving such information. The State believes that as the trial date approaches, the scales would then tip and the State should then be required to provide the names of informants. However, it maintains that those names are not essential to plea negotiations. By ruling as it did, the State contends that the circuit court has removed all discretion from the parties in coming to such agreements. It further asserts that the chilling effect of ordering the automatic disclosure of confidential informants at the outset of every case would be potentially devastating on the State's ability to obtain confidential informants because those who would have otherwise been protected by their anonymity will be exposed to potential threats and retaliation. By withholding the identity of confidential informants during plea negotiations, the State believes it would be able to protect the identity of informants in some eighty to ninety percent of all cases.

The Respondents reply that the circuit court has not committed error because if the court had permitted the State to maintain in confidence the identity of a material witness during plea negotiations, it would unfairly subject the defendants to acceptance of a plea offer without having the opportunity to fully examine and weigh the evidence. The Respondents also allege that because the confidential informant in this case is not a peripheral party to the charges against the respondents, non-disclosure would deny them the ability to receive a fair trial because they would be unable to explore possible defenses to the charges against them. Furthermore, Respondents assert that, as a practical matter, in ordering them to file discovery requests within twenty days and responses thereto within twenty days after such request, the circuit court was simply ordering the State to identify the confidential informant as it is already required to do under the Rules of Criminal Procedure. Moreover, the Respondents contend that in this case, the State could, but did not, file a motion for a protective order to prevent disclosure if there was a legitimate basis for non-disclosure in any given case. Thus, the Respondents allege that the State had a nondiscretionary duty to provide such discovery and it is not only within the circuit court's power, but also within the circuit court's discretion, to determine deadlines in cases on its docket.[2]

In criminal proceedings, the right to discovery is provided under the West Virginia Rules of Criminal Procedure and the West Virginia Trial Court Rules. Rule 32.01 of the West Virginia Trial Court Rules states, in pertinent part, "[i]t is the intent of this rule to encourage complete and open discovery consistent with applicable statutes, case law, and rules of court at the earliest practicable time. Nothing in this rule should be construed as a limitation on the court's authority to order additional discovery." Rule 32.03 of the West Virginia Trial Court Rules compels the State to provide the defendant's attorney with a list of the names and addresses of all State witnesses, together with any record of prior convictions of any such witnesses.

Additionally, Rule 16 of the West Virginia Rules of Criminal Procedure states, in part:

(a) Disclosure of Evidence by the State.

(1) Information Subject to Disclosure.

**2.** We also wish to acknowledge the response filed by Judge Alsop in this matter. Judge Alsop contends that although he is mindful that a court does not generally respond to rules of show cause in writs of prohibition, he deemed it necessary and appropriate to file a response because there were issues that affect the proper administration of justice that have not been addressed by the parties in interest and, in fairness, are not of any particular concern to said parties. In particular, he felt it was necessary to bring to this Court's attention several troubling scenarios that have occurred, in the circuit court's belief, as a direct result of the State's desire to protect the identity of its cooperating individuals at all costs, which have proven to have significant public policy considerations which have adversely affected the proper administration of justice. While the information provided by Judge Alsop has been taken into due consideration, the same is not discussed herein, to the extent that this matter can be resolved on the substantive merits.

(A) Statement of Defendant. Upon request of a defendant the state must disclose to the defendant and make available for inspection, copying, or photographing: any relevant written or recorded statements made by the state, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the state; that portion of any written record containing the substance of any relevant oral statement made by the defendant, whether before or after arrest in response to interrogation by any person then known to the defendant to be an agent of the state; and recorded testimony of the defendant before a grand jury which relates to the offense charged. The state must also disclose to the defendant the substance of any other relevant oral statement made by the defendant whether before or after arrest in response to interrogation by any person then known by the defendant to be an agent of the state if the state intends to use that statement at trial.

. . .

(F) State Witnesses. Upon request of the defendant, the state shall furnish to the defendant a written list of names and addresses of all state witnesses whom the attorney for the state intends to call in the presentation of the case in chief, together with any record of prior convictions of any such witnesses which is within the knowledge of the state. When a request for discovery of the names and addresses of witnesses has been made by a defendant, the state may be allowed to perpetuate the testimony of such witnesses in accordance with the provisions of Rule 15.

(2) Information Not Subject to Disclosure. Except as provided in paragraphs (A), (B), (D) and (E) of subdivision (a)(1), this rule does not authorize the discovery or inspection of reports, memoranda or other internal official documents made by the attorney for the state or other state officials in connection with the investigation or prosecution of the case, or of statements made by state witnesses or prospective state witnesses except as provided in Rule 26.2.

*W.Va.R.Crim.P.* 16.

■ The United State Supreme Court has recognized the general privilege of the government to withhold from disclosure the identity of persons who furnish information of violations of law to police officers. *Roviaro v. United States*, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957).[3] Other courts have acknowledged that included within the ambit of the privilege is the professional undercover informant who is a source of police intelligence on criminal activities in the community. *Id.* The Court in *Roviaro* stated that "[t]he purpose of the privilege is the furtherance and protection of the public interest in effective law enforcement. The privilege recognizes the obligation of citizens to communicate their knowledge of the commission of crimes to law-enforcement officials and, by preserving their anonymity, encourages them to perform that obligation." *Id.* at 59, 77 S.Ct. at 627. However, the Court cautioned that under the fundamental fairness limitation, the privilege must give way when the disclosure of the informant's identity or of the contents of his communication is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause. *Id.* at 60–61, 77 S.Ct. at 627–28. The Court declined to establish an absolute rule with respect to disclosure by the government of confidential informants. As the Court stated:

We believe no fixed rule with respect to disclosure is justifiable. The problem is one that calls for balancing the public interest in protecting the flow of information

---

**3.** In *Roviaro*, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639, the petitioner was convicted of selling heroin to a confidential informant and facilitating the concealment of heroin after illegal importation into the United States. During the transaction, a police officer who was hiding in the trunk of the informant's vehicle overheard the conversation between the informant and the petitioner concerning the heroin sale. Another police officer observed the transaction from a distance. These officers testified against the petitioner at trial. The trial court permitted the government to refuse to disclose to the petitioner the identity of the confidential informant. The Supreme Court reversed, holding that non-disclosure of the informant's identity constituted reversible error under the circumstances because the confidential informant was the sole participant in the transaction.

against the individual's right to prepare his defense. Whether a proper balance renders nondisclosure erroneous must depend on the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informant's testimony, and other relevant factors.

*Id.* at 62, 77 S.Ct. at 628–629.

This Court has previously recognized that the State may have legitimate objections to the disclosure of certain information during the course of discovery in criminal cases:

In recent years this Court has tended to look with increasing favor upon the liberal use of discretion in criminal discovery while recognizing that the philosophy of full disclosure applicable in civil cases as embodied in the West Virginia Rules of Civil Procedure is inappropriate in criminal cases. The primary objection to full discovery in criminal cases has been that discovery would: (1) lead to perjury and the suppression of evidence; (2) promote the intimidation of witnesses; (3) give an unfair advantage to criminal defendants since there is no reciprocal right for the prosecution; and (4) require the prosecution to disclose its privileged work product. In some instances these objections are well founded, particularly in situations involving organized crime where the defendant has resources available in the underworld for the purpose of frustrating the judicial system.

*State v. Dudick,* 158 W.Va. 629, 636–637, 213 S.E.2d 458, 463 (1975).

■ Specifically, we have also recognized the general privilege afforded to the government for the non-disclosure of confidential informants, as in *Roviaro.* 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639. This Court has held that "[a] common law privilege is accorded the government against the disclosure of the identity of an informant who has furnished information concerning violations of law to officers charged with the enforcement of the law. However, disclosure may be required where the defendant's case could be jeopardized by non-disclosure." Syl. Pt. 1, *State v. Haverty,* 165 W.Va. 164, 267 S.E.2d 727 (1980).

■ In Syl. Pt. 3, *State v. Tamez,* 169 W.Va. 382, 290 S.E.2d 14 (1982), we set forth the balancing test that must be conducted by a trial court in determining whether the identity of a confidential informant should be permitted. Therein, we held:

When the State in a criminal action refuses to disclose to the defendant the identity of the informant, the trial court **upon motion** shall conduct an *in camera* inspection of written statements submitted by the State as to why discovery by the defendant of the identity of the informant should be restricted or not permitted. A record shall be made of both the in court proceedings and the statements inspected *in camera* upon the disclosure issue. Upon the entry of an order granting the State nondisclosure to the defendant of the identity of the informant, the entire record of the *in camera* inspection shall be sealed, preserved in the records of the court, and made available to this Court in the event of an appeal. In ruling upon the issue of disclosure of the identity of an informant, the trial court shall balance the need of the State for nondisclosure in the promotion of law enforcement with the consequences of nondisclosure upon the defendant's ability to receive a fair trial. The resolution of the disclosure issue shall rest within the sound discretion of the trial court, and only an abuse of discretion will result in reversal. *W.Va.R.Crim.P.* 16(d)(1).

[Emphasis added].

■ In the instant cases, there is no question that the Respondents were entitled to discover the identity of the confidential informant because the informant in this case directly participated in the crimes and was the only witness to the transactions other than the defendants. It is undisputed that:

[t]he general rule is that where the informant has only peripheral knowledge of the crime, his identity need not be disclosed. Where the informant directly participates in the crime, or is a material witness to it, disclosure may be required, particularly where, in a drug related crime, he is the only witness to the transaction other than the defendant and the buyer.

Syl. Pt. 5, *State v. Walls*, 170 W.Va. 419, 294 S.E.2d 272 (1982). While the State contends that the circuit court has disregarded the procedures and balancing test set forth in *Tamez* and has erred in ordering the informants' identities disclosed at the outset of discovery, the limited record before us reveals that following the entry of the circuit court's arraignment order requiring disclosure of the confidential informants' identities, the State never filed a motion for protective order seeking non-disclosure, as required in *Tamez*. Thus, the circuit court was never asked to conduct the balancing test set forth in *Tamez* to determine if disclosure was appropriate in these cases. We find that pursuant to Rule 16 of the Rules of Criminal Procedure, absent a motion to the circuit court seeking to maintain such confidentiality, the State was under a nondiscretionary duty to provide such discovery.

Furthermore, we find that the actions taken by the circuit court were appropriate to ensure the proper management of the trial of a case and the management of its docket. Canon 3B(8) of the Code of Judicial Ethics requires that "[a] judge shall dispose of all matters promptly, efficiently, and fairly." Rule 16.01 of the West Virginia Trial Court Rules also provides:

> Purpose.
> Article III, Section 17 of the West Virginia Constitution provides, "justice shall be administered without sale, denial or delay." Article III, Section 13 of the West Virginia Constitution provides, "Trials of crimes ... shall be ... without unreasonable delay." Rule 1 of the Rules of Civil Procedure provides that they "shall be construed to secure the just, speedy, and inexpensive determination of every action." Rule 2 of the Rules of Criminal Procedure provides that they "shall be construed to secure simplicity in procedure, fairness in administration, and the elimination of unjustifiable expense and delay." Canon 3B(8) of the Code of Judicial Conduct provides, "A judge shall dispose of all judicial matters promptly, efficiently, and fairly." Finally, Section 2.50 of the American Bar Association Standards Relating to Court Delay Reduction provides, "the court, not the lawyers or litigants, should control the pace of litigation." Pursuant to these principles, the Supreme Court of Appeals has determined that the expeditious processing and timely disposition of cases by circuit courts are essential to the proper administration of justice. Accordingly, it directs circuit courts and their officers to comply with these rules, which provide time standards for the processing of all cases except for those governed by statute or in which the circuit court finds, on the record, that extraordinary circumstances exist for exemption from these standards.

Herein, the circuit court's arraignment order required that the defendants file any discovery requests within twenty days, and that the State file its responses with identifying information of the witnesses it intends to call in its case in chief within twenty days of being asked for such disclosure. Thus, the circuit court did not order automatic disclosure of the confidential informant's identity. Rather, the State was only ordered to disclose the identity of its confidential informants if the defendants first requested such disclosure. This is consistent with the mandates of Rule 16 of the Rules of Criminal Procedure.

Under the circuit court's arraignment order, the State has approximately forty days before it is required to disclose its witnesses in its case in chief. Thus, if the State proceeds in a prudent and timely manner, it can certainly engage in plea agreement negotiations before disclosure is required. If more time is needed, the State may file the appropriate motion with the circuit court. Furthermore, we observe that in these particular cases, the defendants requested trial dates during the May 2009 term, and the circuit court set a consolidated trial date for August 18, 2009.[4] Such an order is appropriate to ensure that the case is tried in a timely manner and that the case be completed within eight months of the indictment, as trial courts are required to do.[5]

Moreover, if the practice sought by the State as to disclosure were accepted by this

---

4. The May 2009 term of the circuit court ended on September 4, 2009.

5. Trial Court Rule 16.04 Time Standards for Criminal Cases provides that a sentencing order

Court, then disclosure of all cooperating witnesses would not occur until the parties had broken off all plea negotiations. If the parties do not reach a plea agreement, then, conceivably, on the eve of trial, the circuit court would be, upon objection by the defendant, faced with either excluding any witness not disclosed by the State or continuing the trial to enable counsel to prepare for trial based upon the State's late disclosure. This unnecessarily delays the trial of the case. In order to promote the timely management by the circuit court of its own docket and further the proper administration of justice, the circuit court, not the State, should control the progression of the case and the timing of any necessary disclosure of witnesses. For these reasons, we find that the circuit court herein did not exceed its legitimate powers in ordering that the names and addresses of confidential informants in drug cases be disclosed in the State's initial discovery responses, prior to the conclusion of plea negotiations.

## IV.

## CONCLUSION

Because we conclude that the circuit court did not exceed its legitimate power in ordering disclosure of the names and addresses of confidential informants, the State is not entitled to the requested relief and its petition for writ of prohibition is therefore denied.

**Writ denied.**

shall be entered in felony prosecutions within eight (8) months of the date of the indictment or  information.