# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Antonio Collins,**
**Petitioner Below, Petitioner**

**vs.) No. 19-0491** (Kanawha County 18-P-412)

**Shelby Searls, Superintendent,**
**Huttonsville Correctional Center,**
**Respondent Below, Respondent**

**FILED**

**September 18, 2020**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Antonio Collins, self-represented litigant, appeals the October 28, 2019, order of the Circuit Court of Kanawha County denying his second petition for a writ of habeas corpus. Respondent Shelby Searls, Superintendent, Huttonsville Correctional Center,[1] by counsel Andrea Nease-Proper, filed a summary response in support of the circuit court's order.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In April of 2013, petitioner was involved in a confrontation with Jason Lawson and Patrick Moore Jr. at a 7-11 convenience store. According to petitioner, he felt threatened when he perceived Mr. Lawson "staring at" him. Petitioner "approached Mr. Lawson brandishing a '40' caliber pistol in a manner to intimidate him[.]" Petitioner was then "startled" by Mr. Moore when

---

[1]Since the filing of the appeal in this case, the superintendent at Huttonsville Correctional Center has changed, and the superintendent is now Shelby Searls. The Court has made the necessary substitution of parties pursuant to Rule 41(c) of the West Virginia Rules of Appellate Procedure.

1

Mr. Moore touched petitioner's shoulder from behind. Thereafter, petitioner began shooting. Petitioner states that his actions "were provoked" and captured on "surveillance footage." In May of 2013, petitioner was indicted in the Circuit Court of Kanawha County with one count of attempted murder and one count of malicious wounding with regard to Mr. Lawson and one count of attempted murder and one count of malicious wounding with regard to Mr. Moore.

According to petitioner, at the time of the April of 2013 incident, he had prior convictions for malicious wounding and robbery from 2001, and "a gun charge [from] 2009." Petitioner further states that, at the time of the shooting at issue in this case, he "was significantly impaired by the use of numerous drugs and prescribed medications[.]" In the instant case, petitioner underwent a psychological evaluation on September 30, 2013. In the resulting evaluation report, filed with the circuit court on October 24, 2013, the evaluator determined that petitioner was mentally competent at the time of the offenses at issue in this case.

On October 28, 2013, pursuant to a plea agreement with the State, petitioner pled guilty to two counts of attempted murder and two counts of malicious wounding as set forth in the indictment in Case No. 13-F-304 and to a recidivist information filed in Case No. 13-F-441(I) charging him with being once before convicted of a felony pursuant to West Virginia Code § 61-11-18(a) (2000). [2] Consequently, by accepting the plea agreement, petitioner avoided the application of West Virginia Code § 61-11-18(c) (2000), which provided for a life recidivist sentence for persons "twice before" convicted of a felony.

At the plea hearing, the circuit court had a colloquy with petitioner regarding the rights he would be surrendering by pleading guilty. Petitioner understood that "by pleading guilty[,] he waive[d] all pre-trial defects with regard to, among others, his arrest, the gathering of evidence and prior confessions, as well as, all non-jurisdictional defects in his criminal proceeding." Also, at the plea hearing, the circuit court found that petitioner was "totally satisfied with the representation" of his attorney, who was "competent in criminal matters," and that petitioner had received a copy of his indictment and understood "the nature and meaning of the charges contained in said indictment[.]"

Following the entry of petitioner's guilty pleas, on December 12, 2013, the circuit court sentenced him to three to fifteen years of incarceration for the attempted murder of Mr. Moore, two to ten years of incarceration for the malicious wounding of Mr. Moore, and two to ten years of incarceration for the malicious wounding of Mr. Lawson. For the attempted murder of Mr. Lawson, the circuit court enhanced petitioner's sentence pursuant to West Virginia Code § 61-11-18(a) (2000) and imposed a term of six to fifteen years of incarceration.[3] The circuit court further

---

[2]The West Virginia Habitual Offender Act ("Act"), West Virginia Code §§ 61-11-18 and 61-11-19, was amended, effective June 5, 2020. *See* 2020 W. Va. Acts ch. 88. The 2000 version of the Act applies to this case.

[3]Given that the sentence for attempted murder is an indeterminate term of three to fifteen years of incarceration, West Virginia Code § 61-11-18(a) (2000) provided that "the minimum term (continued . . .)

2

ordered that petitioner would serve his sentences consecutively. Petitioner did not appeal the circuit court's December 12, 2013, sentencing order.

On May 13, 2016, petitioner filed a petition for a writ of habeas corpus in the circuit court, alleging violation of double jeopardy, erroneous information in the presentence investigation report, failure to file a criminal appeal, and ineffective assistance of trial counsel. By order entered on May 19, 2016, the circuit court denied the petition, finding that the allegations therein failed to provide "good cause" for a hearing.[4]

On November 7, 2018, petitioner filed a second habeas petition in the circuit court, alleging only that his sentence was excessive and that trial counsel was ineffective.[5] By order entered on April 25, 2019, the circuit court denied the petition, once again finding that the allegations therein failed to provide "good cause" for a hearing.

Petitioner now appeals the circuit court's April 25, 2019, order denying his second habeas petition. This Court reviews a circuit court order denying a petition for a writ of habeas corpus under the following standard:

> "In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review." Syl. Pt. 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006).

Syl. Pt. 1, *Anstey v. Ballard*, 237 W. Va. 411, 787 S.E.2d 864 (2016). Furthermore,

> "'[a] court having jurisdiction over habeas corpus proceedings may deny a petition for a writ of habeas corpus without a hearing and without appointing counsel for the petitioner if the petition, exhibits, affidavits or other documentary evidence filed therewith show to such court's satisfaction that the petitioner is entitled to no relief.' Syllabus Point 1, *Perdue v. Coiner*, 156 W.Va. 467, 194 S.E.2d 657 (1973)." Syl. Pt. 2, *White v. Haines*, 215 W.Va. 698, 601 S.E.2d 18 (2004).

*Id.* at 412, 787 S.E.2d at 865, syl. pt. 3.

_____

shall be twice the term of years otherwise provided for under such sentence."

[4]Petitioner filed an appeal from the circuit court's May 19, 2016, order denying his first habeas petition on June 22, 2016. On February 2, 2017, petitioner filed a motion to withdraw that appeal. By order entered on March 6, 2017, this Court granted the motion and removed the appeal from its docket. We take judicial notice of the record in Supreme Court No. 16-0590.

[5]Petitioner divided his ineffective assistance of trial counsel claim into six sub-claims.

On appeal, petitioner raises twenty-six assignments of error. Rule 10(c)(7) of the Rules of West Virginia Appellate Procedure provides that "[t]he argument must contain appropriate and specific citations to the record on appeal, including citations that pinpoint when and how the issues in the assignments of error were presented to the lower tribunal," and that "[t]he Court may disregard errors that are not adequately supported by specific references to the record on appeal." To the extent that petitioner raises issues on appeal not presented to the circuit court, we decline to address such issues. *See* Syl. Pt. 2, *Sands v. Sec. Trust Co.*, 143 W. Va. 522, 102 S.E.2d 733 (1958) (stating that "[t]his Court will not pass on a nonjurisdictional question which has not been decided by the trial court in the first instance").

We further decline to address those issues not supported by adequate argument. *See State v. LaRock*, 196 W. Va. 294, 302, 470 S.E.2d 613, 621 (1996) (stating that "[a]lthough we liberally construe briefs in determining issues presented for review, issues which are not raised, and those mentioned only in passing but are not supported with pertinent authority, are not considered on appeal"); *State v. Lilly*, 194 W. Va. 595, 605 n.16, 461 S.E.2d 101, 111 n.16 (1995) (finding that cursory treatment of an issue is insufficient to raise it on appeal). We address the four remaining issues which we find are supported by adequate argument.

In the first of those four issues, petitioner argues that his aggregate sentence of thirteen to fifty years of incarceration was excessive because the circuit court ordered all of his sentences to run consecutively. Respondents counters that petitioner's argument is without merit. We agree with respondent.

"Sentences imposed by the trial court, if within statutory limits and if not based on some [im]permissible factor, are not subject to appellate review." Syl. Pt. 4, *State v. Goodnight*, 169 W. Va. 366, 287 S.E.2d 504 (1982). In Syllabus Point 4 of *State v. Marcum*, 238 W. Va. 26, 792 S.E.2d 37 (2016), we held that:

> "'"[w]hen a defendant has been convicted of two separate crimes, before sentence is pronounced for either, the trial court may, in its discretion, provide that the sentences run concurrently, and unless it does so provide, the sentences will run consecutively." Syllabus point 3, *Keith v. Leverette*, 163 W.Va. 98, 254 S.E.2d 700 (1979).' Syllabus Point 3, *State v. Allen*, 208 W.Va. 144, 539 S.E.2d 87 (1999)." Syl. Pt. 7, *State ex rel. Farmer v. McBride*, 224 W.Va. 469, 686 S.E.2d 609 (2009).

Here, petitioner does not allege that his sentences are outside of statutory limits or based on some impermissible factor. Rather, petitioner's only argument is that the sentences run consecutively. In light of our holding in Syllabus Point 4 of *Marcum*, we reject that argument as without merit given that the circuit court had discretion to impose consecutive sentences.

We address petitioner's remaining three claims, wherein petitioner alleges his trial attorney provided ineffective assistance, under the following standard:

> "In the West Virginia courts, claims of ineffective assistance of counsel are to be governed by the two-prong test established in *Strickland v. Washington*, 466

4

U.S. 668, 104 S. Ct. 2052, 80 L.Ed.2d 674 (1984): (1) Counsel's performance was deficient under an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." Syllabus point 5, *State v. Miller*, 194 W. Va. 3, 459 S.E.2d 114 (1995).

. . . .

In cases involving a criminal conviction based upon a guilty plea, the prejudice requirement of the two-part test established by *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L.Ed.2d 674 (1984), and *State v. Miller*, 194 W. Va. 3, 459 S.E.2d 114 (1995), demands that a habeas petitioner show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.

Syl. Pts. 3 and 6, *State ex rel. Vernatter v. Warden, W. Va. Penitentiary*, 207 W. Va. 11, 528 S.E.2d 207 (1999).

Here, petitioner argues that his attorney failed to have him to undergo a psychological evaluation. However, contrary to petitioner's contention, the record reflects that petitioner did undergo a psychological evaluation on September 30, 2013, and the evaluation report was filed with the circuit court on October 24, 2013, prior to the entry of his guilty pleas. The evaluator determined that petitioner was mentally competent at the time of the offenses. Therefore, we reject this claim of ineffective assistance of trial counsel given that petitioner fails to prove either prong of the *Strickland/Miller* test.

Petitioner further contends that his attorney should have challenged the indictment on double jeopardy principles. Petitioner argues that he could not be convicted of both attempted murder and malicious wounding because of the double jeopardy clause. Respondent counters that petitioner's argument is precluded by Syllabus Point 2 of *State v. George*, 185 W. Va. 539, 408 S.E.2d 291 (1991), in which we held that "[a] defendant may be convicted for both malicious assault and attempted murder in the first[-]degree without violating the proscription against double jeopardy found within article III, section 5 of the West Virginia Constitution since the provisions for each offense require proof of an additional fact which the other does not."[6] Pursuant to

---

[6]West Virginia Code § 61-2-1 defines "murder of the first degree" as:

Murder by poison, lying in wait, imprisonment, starving, or by any willful, deliberate and premeditated killing, or in the commission of, or attempt to commit, arson, kidnapping, sexual assault, robbery, burglary, breaking and entering, escape from lawful custody, or a felony offense of manufacturing or delivering a controlled substance as defined in article four, chapter sixty-a of this code.

West Virginia Code § 61-2-9, entitled "malicious or unlawful assault," provides, in (continued . . .)

Syllabus Point 2 of *George*, we find that petitioner's argument fails either prong of the *Strickland/Miller* test. Therefore, we reject this claim of ineffective assistance of trial counsel.

Finally, petitioner argues that his attorney should have sought the dismissal of counts three and four of the indictment because those counts, regarding the malicious wounding of Mr. Moore and Mr. Lawson respectively, each misnamed the victim in the second of two instances where the victim was named. "A defendant has a right under the Grand Jury Clause of Section 4 of Article III of the West Virginia Constitution to be tried only on felony offenses for which a grand jury has returned an indictment." Syl. Pt. 1, *State v. Adams*, 193 W. Va. 277, 456 S.E.2d 4 (1995). We further have held, in pertinent part, that "[a]n indictment is sufficient . . . if it (1) states the elements of the offense charged; (2) puts a defendant on fair notice of the charge against which he or she must defend; and (3) enables a defendant to assert an acquittal or conviction in order to prevent being placed twice in jeopardy." Syl. Pt. 6, *State ex rel. Shepard v. Holland*, 219 W. Va. 310, 633 S.E.2d 255 (2006) (quoting Syl. Pt. 6, *State v. Wallace*, 205 W.Va. 155, 517 S.E.2d 20 (1999)) (Internal quotations omitted).

Upon our review of the indictment, we find that counts three and four are each constitutionally sufficient. Count three charged petitioner with the malicious wounding of Mr. Moore, and count four charged petitioner with the malicious wounding of Mr. Lawson. In a second instance where the victim was mentioned, each count substituted the victim's name with "Travis Bush." The parties agree that petitioner's confrontation was with Mr. Moore and Mr. Lawson and involved no other victim. As petitioner acknowledges, the two victims of the crimes with which he "was charged" were Mr. Moore and Mr. Lawson. Therefore, we find that the reference to "Travis Bush" is a clerical error. We further find that this error did not prevent petitioner from being placed on fair notice of the charges set forth in counts three and four of the indictment and conclude that there was no ground upon which petitioner's attorney should have sought the dismissal of those counts. We reject this claim of ineffective assistance of trial counsel on the ground that petitioner fails to prove either prong of the *Strickland/Miller* test. Accordingly, we conclude that the circuit court did not abuse its discretion in denying petitioner's second habeas petition.

---

pertinent part, that:

> [i]f any person *maliciously* shoots, stabs, cuts or *wounds* any person, or by any means cause him or her bodily injury with intent to maim, disfigure, disable or kill, he or she, except where it is otherwise provided, is guilty of a felony and, upon conviction thereof, shall be punished by confinement in a state correctional facility not less than two nor more than ten years.

W.Va. Code § 61-2-9(a) (Emphasis added). In *State v. George*, 185 W. Va. 539, 408 S.E.2d 291 (1991), the offense was referred to as "malicious assault," *see id.* at 543, 408 S.E.2d at 295 (quoting W.Va. Code § 61-2-9(a)); in petitioner's case, the offense is referred to as "malicious wounding."

For the foregoing reasons, we affirm the circuit court's October 28, 2019, order denying petitioner's second petition for a writ of habeas corpus.

Affirmed.

**ISSUED:** September 18, 2020

**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison